**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

PetPivot Inc.,

    Plaintiff,

    v.

Y-Stop Inc. and Guangzhou Buxiaode
International Trade Co., Ltd.,

    Defendants.

**Case No.:** _____

---

## COMPLAINT

Plaintiff PetPivot Inc. ("***PetPivot***" or "***Plaintiff***"), by and through the undersigned counsel, states as follows for its Complaint against Defendants Y-STOP INC. ("***Y-Stop***") and GUANGZHOU BUXIAODE INTERNATIONAL TRADE CO., LTD. ("***GBIT***") (collectively, "***Defendants***") and hereby alleges as follows:

### I.       NATURE OF THE ACTION

1.       This is a Complaint for:

    (i)       False Advertising under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B);

    (ii)       False Association / False Designation of Origin under 15 U.S.C. § 1125(a)(1)(A);

    (iii)       Violation of the Florida Deceptive and Unfair Trade Practices Act ("***FDUTPA***") Fla. Stat. § 501.201, et seq; and

    (iv)       common law unfair competition under Florida law;

all of which arise from Defendants' misappropriation of Plaintiff's viral video content on TikTok.com ("***TikTok***"), depicting Plaintiff's automated cat litter box, to lure consumers into Defendants' TikTok Shop live streams and product listings, where Defendants then market and

sell their own competing FUMOI-branded automatic litter boxes.

2.    TikTok is a social media platform which operates an e-commerce feature known as the "TikTok Shop."

3.    On information and belief, Defendants are working in concert.

4.    Defendants operate TikTok accounts which include TikTok Shop storefronts and live-selling channels, including, upon information and belief:

(i)    Defendant Y-Stop operates a TikTok account with a TikTok Shop storefront under the name FUMOI PET *(@CattoCrate* account handle) which can be accessed at https://www.tiktok.com/@cattocrate?is_from_webapp=1&sender_device=pc (a printout of which is attached hereto as **Exhibit A**); and

(ii)    Defendant GBIT operates a TikTok account with a TikTok Shop storefront under the name FUMOI (@fumoi.us account handle) (which can be accessed at https://www.tiktok.com/@fumoi.us?is_from_webapp=1&sender_device=pc (a printout of which is attached hereto as **Exhibit B**);

5.    As shown in the screenshot below, Defendant Y-Stop operates the FUMOI PET (@cattocrate) TikTok shop account:[1]

---

[1] A printout of this webpage is attached hereto as **Exhibit C** (the business name is listed as "Y-Stop Inc" on page 4 of **Exhibit C**.



6.    As shown in the screenshot below, Defendant GBIT operates the FUMOI (@fumoi.us account handle) TikTok shop account:[2]



7.    Through these accounts, Defendants advertise, promote, and sell FUMOI-branded automatic litter boxes in direct competition with Plaintiff's PetPivot brand self-cleaning litter box.

8.    In addition, representative product-linked content associated with Defendants' conduct can be viewed at the following link: https://www.tiktok.com/t/ZT91gx5tPKU7B-nbgKR/.

9.    Rather than promote their own product honestly, Defendants have used videos depicting Plaintiff's litter box - including videos in which the product shown is Plaintiff's litter

---

[2] A printout of this webpage is attached hereto as **Exhibit D** (the business name is listed as "Guangzhou Buxiaode International Trade Co., Ltd" on page 4 of **Exhibit D**.

box, not Defendants' FUMOI litter box - as bait to attract consumer attention and induce consumers to click into Defendants' sponsored posts, product detail pages, and TikTok live rooms.

10.     In the representative TikTok advertisements and linked live-selling content currently known to Plaintiff, the video shown to consumers prominently displays Plaintiff's litter box, including its distinctive appearance, opening structure, interior grate/slotted configuration, and operation.

11.     At the same time, the content is labeled as "Sponsored," displays a product card for a FUMOI-branded litter box (including a "LIVE" or "flash sale" prompt), and, when clicked, directs the consumer into Defendants' live room or product page for Defendants' competing FUMOI litter box.

12.     The deceptive format is not incidental. The purpose and function of the video is to cause consumers who are interested in Plaintiff's popular litter box to click the product card and enter Defendants' sales funnel, where Defendants then pitch and sell a different product under the FUMOI brand.

13.     In these advertisements and promotions, the video shown to consumers depicts Plaintiff's litter box, but the clickable product link, sponsored placement, or live-room sales funnel leads consumers to Defendants' own FUMOI-branded litter box.

14.     This juxtaposition falsely and misleadingly represents – expressly or by necessary implication – that the product shown in the video is the same as, affiliated with, sponsored by, approved by, or otherwise connected to the FUMOI product being sold.

15.     Defendants' conduct is a classic bait-and-switch scheme. Consumers are drawn in by the appearance, functionality, reputation, and viral popularity of Plaintiff's litter box, but are then redirected to purchase a different product sold by Defendants.

16.     Plaintiff's litter box has become highly popular on TikTok and other e-commerce channels. Defendants intentionally exploit that popularity, and the goodwill associated with Plaintiff's product and video content, to siphon traffic, viewers, and sales away from Plaintiff and toward Defendants' competing FUMOI product.

17.     Defendants' conduct is likely to deceive consumers regarding the identity, source, sponsorship, approval, affiliation, and characteristics of the product being advertised and sold. It also unfairly capitalizes on Plaintiff's goodwill and causes consumer confusion, diverted sales, and reputational and commercial harm to Plaintiff.

18.     Plaintiff accordingly brings claims under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201-501.213, and Florida common law.

## II.     THE PARTIES

19.     Plaintiff PetPivot Inc. is a corporation organized and existing under the laws of Oregon, with its principal place of business at 5441 S. Macadam Ave., Suite 4138, Portland, Oregon 97239.

20.     Upon information and belief, Defendant Y-Stop is a corporation organized under the laws of California, with its principal place of business located at 171 N. Altadena Dr., Unit 215, Pasadena, California 91107.

21.     Upon further information and belief, Defendant Y-Stop conducts business through TikTok Shop; including under the storefront name "CattoCrate," and markets and sells FUMOI-branded automatic litter boxes to consumers throughout the United States, including in Florida and within this District.

22.     On information and belief, Defendant GBIT is a business entity organized under

the laws of China with a principal place of business in Guangzhou, China.

23.     On information and belief, Defendant GBIT does business through the TikTok Shop; including through the storefront name "fumoi.us," and sells FUMOI-branded automatic litter boxes to U.S. consumers, including consumers in Florida and this District.

24.     On information and belief, Defendants have acted in concert with one another, have coordinated the promotion and sale of FUMOI-branded litter boxes, and have otherwise participated jointly in the false and misleading advertising and unfair-competition conduct alleged herein.

### III.     JURISDICTION AND VENUE

25.     This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), and 15 U.S.C. § 1121, because this action arises under the Lanham Act, 15 U.S.C. § 1125(a).

26.     This Court further has jurisdiction over the unfair-competition claims under 28 U.S.C. § 1338(b) because those claims are joined with substantial and related Lanham Act claims.

27.     This Court has supplemental jurisdiction over Plaintiff's related state-law claims pursuant to 28 U.S.C. § 1367 because those claims form part of the same case or controversy.

28.     This Court has personal jurisdiction over Defendants under Florida's long-arm statute, including Fla. Stat. § 48.193(1)(a)(2) and (6), because Defendants commit tortious acts in Florida and direct tortious conduct into Florida through interactive TikTok Shop advertisements and storefronts, and cause injury to Plaintiff and consumers in Florida by advertising, offering for sale, and selling the accused FUMOI products to Florida consumers.

29.     The Court further has personal jurisdiction over Defendant GBIT under Federal Rule of Civil Procedure 4(k)(2) because Plaintiff's Lanham Act claims arise under federal law; Defendant GBIT is a foreign defendants that, on information and belief, is not subject to general

jurisdiction in any one state; and Defendant GBIT has purposefully directed commercial activities toward the United States by operating a U.S. facing TikTok Shop account, using U.S.-facing sponsored advertisements and live-selling content, and selling FUMOI-branded automatic litter boxes to U.S. consumers (including those in Florida and in this District).

30.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District, including the dissemination of Defendants' false and misleading advertisements to consumers located in this District, the diversion of sales and consumer traffic in this District, the sale and shipment of Defendants' accused products into this District, and the injury to Plaintiff's business and goodwill in this District.

31.     Venue is also proper under 28 U.S.C. § 1391(c)(3), because Defendant GBIT is not a U.S. resident and Defendant GBIT is subject to the Court's personal jurisdiction.

## IV.     FACTUAL ALLEGATIONS

### A.     PetPivot and Its Products

32.     PetPivot designs, markets, and sells automated, self-cleaning cat litter boxes through multiple e-commerce channels, including, *inter alia*, the TikTok Shop, Amazon, Walmart, and other online marketplaces.

33.     PetPivot is a market leader in the sale of automated, self-cleaning cat litter boxes (such as the example product shown at right sold under Amazon Standard Identification Number ("*ASIN*") B0GL7DLPZ4).

34.     PetPivot has invested substantial time, money, and effort in developing its litter boxes, building its reputation, educating consumers, creating marketing content, and establishing

goodwill in the market for self-cleaning litter boxes.

35.    Because of its substantial investment in its products and marketing, PetPivot's cat litter boxes are generally highly ranked on the Amazon platform.

36.    As an illustrative example, PetPivot's AS11 model cat litter box is sold through the Amazon platform under Amazon Standard Identification Number (ASIN) B0D8J5796M.[3]

37.    As of the date this Complaint is filed, the Amazon product detail page for ASIN B0D8J5796M shows 1,275 customer reviews with an average rating of 4.1 out of 5 stars (and is listed as the 27th most popular product on Amazon in the Self-Cleaning Cat Litter Box category).

38.    PetPivot has invested significant resources in building and maintaining its highly ranked customer reviews on Amazon.

39.    In addition to maintaining highly ranked customer reviews on Amazon, PetPivot's litter box and its related promotional content have achieved significant popularity on TikTok.

40.    PetPivot's products are widely recognized among TikTok users in this category, and PetPivot has cultivated substantial goodwill associated with the distinctive appearance and operation of its litter box as featured in TikTok videos and live-stream selling content.

**B.    Defendants' Wrongful Conduct**

41.    Defendants compete directly with PetPivot in the same product category, offering FUMOI-branded automatic litter boxes to U.S. consumers, including Florida consumers, through at least the TikTok Shop.

42.    TikTok Shop's interface allows sellers to run "Sponsored" advertisements and product-linked videos that include embedded product cards and live-room prompts.

43.    In this format, the product card appears immediately adjacent to or below the

---

[3] *See* https://www.amazon.com/dp/B0D8J5796M.

marketing video, and is designed to route viewers directly into a linked product page or a linked live-selling room to purchase the promoted product.

44. Defendants use TikTok Shop sponsored advertisements, product-linked videos, and live-room selling to market the FUMOI automatic litter box and to drive immediate purchases.

45. Defendants have repeatedly used videos featuring Plaintiff's PetPivot litter box as the primary creative content in TikTok Shop promotions, while simultaneously incorporating product links, embedded product cards, and/or live-room prompts that direct consumers to purchase Defendants' different FUMOI-branded products.

46. Plaintiff has secured recordings of Defendants' infringing conduct on TikTok Shop, including screen recordings of sponsored advertisements, product-linked videos, and live-stream sales sessions.

47. These recordings show that Defendants used videos depicting Plaintiff's PetPivot litter box—including videos originally created by Plaintiff and its authorized marketing partners—to attract viewers into Defendants' live-stream selling rooms and product pages.

48. The recordings further demonstrate that, once consumers are drawn in by videos showing Plaintiff's product, Defendants direct those consumers to purchase Defendants' FUMOI-branded litter box through embedded product links and live-room purchase interfaces, even though the product actually sold differs from the product shown in the video.

49. Additionally, the recordings show that the video content used by Defendants includes footage created in collaboration with social media influencers and content creators with whom Plaintiff has entered into business relationships.

50.    Defendants have each used these same videos, featuring the same individuals and content, without authorization, thereby falsely suggesting affiliation, approval, or sponsorship by Plaintiff and further deceiving consumers.

51.    In one representative example shown in the screenshots below, Defendant Y-Stop's TikTok account and live badge "CattoCrate," associated with the storefront accessible at https://vt.tiktok.com/ZP8mnCUuG/?page=TikTokShop and operated by Defendant Y-Stop, used video footage prominently depicting Plaintiff's PetPivot litter box.

52.    The advertisement is labeled "Sponsored" and includes an embedded product card for a "FUMOI Self-Cle…" item, together with a conspicuous "LIVE" and/or "flash sale" prompt directing consumers to Defendants' product rather than to Plaintiff's product shown in the video.

53.    Representative product-linked content associated with Defendants' conduct can be viewed at the following link: https://www.tiktok.com/t/ZT91gx5tPKU7B-nbgKR/.



***Screenshots 1 and 2:*** *Representative TikTok Shop sponsored content associated with Defendant Y -Stop's @cattocrate account showing Plaintiff's PetPivot litter box in the video while the adjacent product card promotes a FUMOI item and directs viewers into Defendant's sales funnel.*

54. As shown in the screenshots below (from the same recording), the product shown in the video is Plaintiff's PetPivot product, not Defendants' FUMOI product.

55. The screenshot below displays product-specific PetPivot identifiers, including the "Replaceable Litter Mat" reference and the "petpivot.com" source identifier, while the same sponsored TikTok Shop interface continues to route viewers to Defendants' FUMOI product and/or live-selling room..



***Screenshot 3:*** *Additional frame from the recording showing PetPivot-specific product labeling, including "Replaceable Litter Mat" and "petpivot.com," within the video used to advertise Defendants' FUMOI product.*

56.     In other words, consumers are shown Plaintiff's PetPivot product in the video, but the embedded purchase interface promotes Defendants' FUMOI product and routes viewers into Defendants' sales funnel for the FUMOI product.

57.     A third screenshot (below) from Plaintiff's recording shows that when a viewer clicks on the advertisement featuring Plaintiff's product, they are redirected to Defendants' FUMOI product:



**Screenshot 4:** *Additional frame from the recording showing that when a viewer clicks on the advertisement featuring Plaintiff's product, they are redirected to the page above, which instead displays Defendants' FUMOI product and directs viewers into Defendants' sales pathway for that product.*

58.     When the embedded product card is clicked, the viewer is routed into a live-selling room identified with "FUMOI," where a host presents and sells a FUMOI-branded automatic litter box through TikTok Shop's live purchase interface. The live room's sales presentation is for Defendants' product - not Plaintiff's product depicted in the video.

59.     This deceptive format is material. Consumers shopping for self-cleaning litter boxes rely heavily on product appearance and real-world demonstration videos to decide what to click and what to buy. A sponsored TikTok Shop video with an embedded product card functions

as an integrated advertisement: the video provides the product demonstration, while the card provides the purchase pathway.

60.     By showing Plaintiff's product while linking to Defendants' different product, Defendants falsely imply one or more of the following: (a) the product shown is the FUMOI product; (b) the FUMOI product has the same appearance, design, functionality, and performance as the product shown; (c) Plaintiff's product is affiliated, connected, sponsored, approved, or supplied by Defendants; (d) Defendants are authorized to use Plaintiff's product and associated video content to promote Defendants' own product; and (e) consumers who click on the sponsored content to purchase the depicted product will be taken to a sales page for that same depicted product. These implications are false and misleading.

61.     Defendants' conduct is intentional. Plaintiff's product is popular and recognizable on TikTok. Defendants use Plaintiff's product imagery and video content precisely because it is effective at attracting traffic and converting interested consumers.

62.     Defendants thereby misappropriate the benefit of Plaintiff's investment in product development, brand recognition, and viral content creation.

63.     Defendants' conduct diverts consumer attention, traffic, and sales from Plaintiff to Defendants, and causes confusion in the marketplace regarding the source and affiliation of the products at issue.

64.     Defendants' conduct has harmed and continues to harm Plaintiff, including through lost sales, lost business opportunities, reduced conversion, harm to goodwill, erosion of brand distinctiveness, and consumer confusion.

65.     Plaintiff has no adequate remedy at law for the ongoing loss of control over its goodwill, the continuing marketplace confusion, and the continuing misuse of Plaintiff's product

videos and product identity to sell Defendants' competing goods.

66.    Unless enjoined, Defendants can continue to deploy the same deceptive tactic at scale across TikTok sponsored placements, shop listings, and live-selling events, allowing Defendants to repeatedly intercept consumers seeking Plaintiff's product and divert them to Defendants' competing FUMOI brand products.

## COUNT I

### False Advertising Under 15 U.S.C. § 1125(a)(1)(B)

67.    PetPivot incorporates by reference the allegations set forth in paragraphs 1 through 66 in this Complaint as if fully set forth herein.

68.    Section 43(a)(1)(B) of the Lanham Act prohibits commercial advertising or promotion that misrepresents the nature, characteristics, qualities, or geographic origin of a person's own goods or another person's goods.

69.    PetPivot has invested significant time, money, and other resources in developing the market for its self-cleaning litter box, marketing its own product, and building goodwill and trust within the community of consumers interested in the benefits of self-cleaning litter boxes.

70.    At all relevant times, Plaintiff has been engaged in the business of marketing and selling its litter box in interstate commerce (including sales into Florida); including via the Internet.

71.    Defendants used Plaintiff's product identity and Plaintiff's product-depicting videos in commerce by disseminating sponsored TikTok Shop advertisements and promotions that were viewable by, targeted to, and intended to reach consumers in the United States, including Florida and this District, and by linking those advertisements to Defendants' TikTok Shop product pages and live rooms through which Defendants offered and sold their competing FUMOI-branded automatic litter boxes to U.S. consumers.

72.     Defendants' challenged content constitutes "commercial advertising or promotion" because it is commercial speech, used for the purpose of influencing consumers to buy Defendants' goods, and disseminated sufficiently to the relevant purchasing public through TikTok's paid "Sponsored" placements, embedded shopping links, product cards, and live-selling funnels.

73.     Defendants made false and misleading representations of fact, expressly and/or by necessary implication.

74.     As shown by the representative content herein and attached, the products depicted in Defendants' videos are Plaintiff's litter boxes, while the clickable product link routes consumers to Defendants' live room or product page to purchase Defendants' different FUMOI-branded products.

75.     Plaintiff's recordings of Defendants' advertisements and live-stream sales further confirm that Defendants' representations are false and misleading, as they document the juxtaposition of Plaintiff's products in the video content with Defendants' different products being offered for sale through the linked purchase interface.

76.     Defendants' representations are literally false, false by necessary implication, and misleading in context because consumers reasonably understand a sponsored TikTok Shop video with an embedded product card and live-room prompt to depict the product being sold through that link.

77.     Defendants' representations are material because they are likely to influence consumers' purchasing decisions, including whether to click the product card, enter the live room, and purchase the product offered there.

78.     Defendants' false and misleading statements are likely to deceive a substantial portion of the intended audience. Consumers encountering a sponsored TikTok Shop video with

an embedded product card and live-room prompt reasonably understand the video to depict the product being sold through that link.

79. Defendants' conduct has caused and is likely to continue causing consumer confusion, mistake, and deception as to affiliation, connection, sponsorship, approval, and/or the nature and characteristics of Defendants' product.

80. Defendants caused the false and misleading representations to enter interstate commerce through the Internet and TikTok Shop, including into Florida and this District.

81. Plaintiff has been and will continue to be damaged by Defendants' conduct, including by diversion of sales, diversion of consumer traffic and live-room attendance, diminution of goodwill, loss of control over Plaintiff's reputation and product identity, and other irreparable harm.

82. Defendants' conduct has been willful, deliberate, and in bad faith, entitling Plaintiff to injunctive relief and monetary relief including Defendants' profits, Plaintiff's damages, costs, and, in this exceptional case, attorneys' fees.

## COUNT II

**False Association / False Designation of Origin in Violation of 15 U.S.C. § 1125(a)(1)(A)**

83. PetPivot incorporates by reference the allegations set forth in paragraphs 1 through 66 in this Complaint as if fully set forth herein.

84. Section 43(a)(1)(A) of the Lanham Act prohibits the use in commerce of any false designation of origin, false or misleading description of fact, or false or misleading representation of fact that is likely to cause confusion, mistake, or deception as to affiliation, connection, association, origin, sponsorship, or approval. 15 U.S.C. § 1125(a)(1)(A).

85. Plaintiff's product appearance, product-depicting videos, and associated PetPivot

source identifiers function as source-identifying matter in the TikTok Shop marketplace because consumers recognize Plaintiff's litter box and video content as associated with Plaintiff and Plaintiff's product.

86.     Defendants used Plaintiff's source-identifying product appearance, video content, and product identifiers in commerce and in connection with Defendants' own competing FUMOI-branded products.

87.     Defendants' sponsored advertisements and live-room routing falsely imply that the product shown in the videos are Plaintiff's products, that Defendants' FUMOI products originate from or are supplied by Plaintiff, and/or that Defendants and their products are affiliated, connected, sponsored, approved, or authorized by Plaintiff or Plaintiff's products.

88.     Defendants' conduct is likely to cause confusion, mistake, or deception as to the origin, sponsorship, approval, affiliation, or connection of Defendants' products and commercial activities.

89.     Defendants' conduct has harmed and will continue to harm Plaintiff by diverting consumers and sales, impairing Plaintiff's ability to control its product identity and goodwill, and causing confusion in the marketplace.

90.     Defendants' conduct was willful, deliberate, and intended to trade on Plaintiff's goodwill and consumer recognition.

91.     Plaintiff is entitled to injunctive relief, Defendants' profits, Plaintiff's damages, costs, and attorney fees under the Lanham Act, including 15 U.S.C. §§ 1116 and 1117.

### COUNT III
**Florida Deceptive and Unfair Trade Practices Act ("FDUTPA")**
**Under Fla. Stat. § 501.201, et seq**

92.     PetPivot incorporates by reference the allegations set forth in paragraphs 1 through

66 in this Complaint as if fully set forth herein.

93.     The Florida Deceptive and Unfair Trade Practices Act ("*FDUTPA*") declares unlawful unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce. Fla. Stat. § 501.204(1).

94.     Defendants engaged in trade or commerce within the meaning of FDUTPA by advertising, soliciting, offering, distributing, and selling automatic litter boxes through TikTok Shop, including to consumers in Florida and this District.

95.     Defendants engaged in deceptive and unfair acts and practices by presenting sponsored TikTok Shop content that depicts Plaintiff's product while embedding links and live-room prompts that route consumers to purchase Defendants' different FUMOI product.

96.     Defendants' conduct is deceptive because it is likely to mislead reasonable consumers acting reasonably under the circumstances into believing that the product shown in the sponsored video is the product being sold through the embedded link, or that the linked FUMOI products are affiliated with, sponsored by, approved by, or supplied by Plaintiff.

97.     Defendants' conduct is unfair because it offends public policy, is unethical, oppressive, unscrupulous, and substantially injurious to consumers and legitimate business enterprises, including Plaintiff.

98.     Defendants' deceptive and unfair conduct caused injury to Plaintiff, including diverted sales, loss of traffic, lost conversion, lost business opportunities, and harm to goodwill.

99.     Defendants' deceptive and unfair conduct also injures consumers, including Florida consumers, by misleading them as to what product they are purchasing and by depriving them of truthful information about the source, sponsorship, affiliation, identity, and characteristics of the products being advertised and sold.

100.    Plaintiff has suffered a loss as a result of Defendants' FDUTPA violations and is entitled to actual damages, declaratory and injunctive relief, attorney fees, and costs under Fla. Stat. §§ 501.2105 and 501.211.

## COUNT IV

### Unfair Competition Under Florida Common Law

101.    PetPivot incorporates by reference the allegations set forth in paragraphs 1 through 66 in this Complaint as if fully set forth herein.

102.    Plaintiff expended substantial resources to develop its product, cultivate demand and goodwill, and create popular and effective TikTok marketing content that displays Plaintiff's litter box.

103.    Defendants, acting in bad faith, misappropriated Plaintiff's goodwill by using Plaintiff's product-depicting videos as bait to attract consumers and then divert those consumers to Defendants' own competing FUMOI products.

104.    Defendants' conduct constitutes deceptive and unethical unfair competition, including a bait-and-switch scheme that trades on Plaintiff's goodwill and reputation in the marketplace.

105.    Defendants' conduct is likely to cause consumer confusion regarding source, sponsorship, approval, affiliation, and the identity and characteristics of the products advertised and sold.

106.    As a direct and proximate result of Defendants' unfair competition, Plaintiff has suffered and continues to suffer damages and irreparable harm, including lost sales, lost market share, and injury to goodwill.

### PRAYER FOR RELIEF

WHEREFORE, PetPivot respectfully requests that this Court enter judgment in its favor and against Defendants as follows:

(1)     An Order finding that each Defendant has:

    (a)     violated section 43(a)(1)(B) of the Lanham Act (15 U.S.C. § 1125(a)(1)(B));

    (b)     violated section 43(a)(1)(A) of the Lanham Act (15 U.S.C. § 1125(a)(1)(A));

    (c)     violated the Florida Deceptive and Unfair Trade Practices Act (Fla. Stat. § 501.201, et seq); and

    (d)     engaged in unfair competition under Florida common law.

(2)     Ordering Defendants (and their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise) to remove or disable all TikTok posts, sponsored ads, live-room previews, product listings, and other content that depict Plaintiff's products or content in connection with Defendants' products;

(3)     Ordering Defendants (and their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise) to cease and desist from all false, misleading, and deceptive advertising and promotional practices alleged herein;

(4)     Permanently enjoining Defendants (and their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise) from using Plaintiff's product videos, images, or other content to advertise, promote, or sell Defendants' products;

(5)     Awarding PetPivot its actual damages, costs and/or Defendants' profits in an amount to be proven at trial;

(6)     Awarding Plaintiff declaratory and injunctive relief, actual damages, attorney fees, and costs under 15 U.S.C. § 1117(a) and/or Fla. Stat. §§ 501.2105 and 501.211;

(7)     Both pre- and post-judgment interest on any amounts awarded to the extent allowed by law;

(8)     An award of reasonable attorney's fees and costs of suit incurred herein;

(9)     Any further relief as the Court deems appropriate.


## DEMAND FOR JURY TRIAL

PetPivot hereby demands trial by jury on all issues arising in this action so triable.

Dated: June 19, 2026                         Respectfully submitted,


                                             /s/ Luca L. Hickman
                                             Luca L. Hickman, Esq.
                                             Florida Bar No. 118731
                                             Mario Martinez, Esq.
                                             Florida Bar No. 1033018

                                             **DINSMORE & SHOHL LLP**

201 North Franklin St., Suite 3050
Tampa, Florida 33602
Phone: (813) 543-9835
Primary: Luca.Hickman@Dinsmore.com

*Counsel for PetPivot Inc.*